| | |
|---|---|
| **Department of Veterans Affairs** | **Memorandum** |

Date: March 21, 2008

From: Mark Romaneski, Regional Counsel, Region 19

Subj: Denial of Within Grade Increase

To: Ms. Vanessa Hall, Paralegal Specialist, Office of Regional Counsel, Region 19, 650 E. Indian School Rd., Phoenix, AZ 85012

1. You will complete the required waiting period for a within-grade increase or "WIGI" to a GS 12, Step 4, on April 13, 2008. Under 5 U.S.C. § 5335(a), a within-grade increase is authorized when "the work of the employee is of an acceptable level of competence as determined by the head of the agency." Based on your recent misconduct, to wit: intentional falsification in communications with management, use of insulting language in the workplace, deliberate failure or unreasonable delay in carrying out assigned tasks, and failing to inform management that you were not going to complete the assigned tasks, your current performance is unacceptable. The ARC and I have discussed your current performance and level of competence. It is below fully successful and, as a result, I cannot provide the necessary certification as required for a within grade increase.

2. Specifically, your performance of three elements entitled "Case Management/Legal Support (Critical), "Written/Oral Communication (Critical), and "Cooperation & Organizational Support (Non-Critical) of your current performance plan is, as shown by your recent performance, is "unacceptable" under 5 U.S.C. § 5335(a):

<u>**Performance Standard (Acceptable Level of Performance):**</u>

1. Case Management/Legal Support (Critical). Performance is fully successful when you:

    a. Issues are recognized, understood, well researched, developed, and presented

    b. Performs in-depth analysis of legal and factual issues when researching and summarizing cases, reports, interviews and files

    c. Effectively mentors junior-level personnel

    d. Recommendations are generally accepted

    e. Demonstrates accountability in all work assignments

    f. Workload is effectively/efficiently managed

    g. Initiates/processes/completes assignments within required time frames

VA FORM
MAR 1993   **2105**

   h. Delays/oversights are few and do not adversely affect operation of organizational element

2. Written/Oral Communication (Critical). Performance is fully successful when:

   a. Independently exercises discretion and good judgment in dissemination of information during case work, presentations and interviews, and when representing the agency during administrative processes

   b. Requests are prioritized in order for responses/advice to be provided within required time frames

   c. Demonstrates the knowledge and skills necessary to effectively complete assignments independently

   d. Demonstrates initiative in learning new skills and processes

**Actual Performance:**

Case Management/Legal Support (Critical) and "Written/Oral Communication (Critical).

   You failed to complete a factual summary for use in a Litigation Report that was due on March 10, 2008. When the due date came and went, you did not inform your supervisor that you were not going to complete the summary. Instead, you choose to ignore the requirement. It was not until the next day, when your supervisor contacted you and asked you for a summary did acknowledge that you would not complete it on time. At 9:03 AM, your supervisor asked you for the status. At least twice during the day, your supervisor asked you to send what you have. For example, at 12:46 PM, your supervisor said, "I previously requested, please immediately send me a copy of whatever you have at this time." You disregarded his instructions and did not send him anything on the case until 5:20 PM, after the end of the duty. The factual summary, in this medical malpractice litigation case, consisted of 146 words. Your supervisor described your "effort" as "insufficient" and directed that you complete the task. He gave you specific instructions on how to do the factual summary. To date, you have not turned in any additional work product for the Litigation Report.

   The excuses that you have provided are unacceptable. You stated, "I asked [another paralegal] how to approach the task because I had never done it without it being a case I worked and was knowledgeable about, so it has been odd. [She] has never done a litigation report…. I'll get it done under [a staff attorney's] mentorship." You had this tasking for three weeks and you never mentioned that you lacked the ability, through a lack of skill, knowledge, or ability to perform the task. Further, factual summaries are part of the standard skills that a paralegal is expected to perform. I can conclude that you intentionally disregarded this task.

   In a similar manner, you ignored the tasking to provide weekly updates to the "confidential financial disclosure" (CFD) program. You were tasked with this requirement on February 14. You did not turn in the first update until March 18, 2008.

This delay meant the Region 19 was not able to meet the suspense given to it by the Office of General Counsel.

It is clear from your lack of effort that you have failed to perform an in-depth analysis of legal and factual issues when summarizing a case, failed to demonstrate accountability in all your work assignments (based on your excuse), failed to manage your workload and tasks, and failed to complete assignments on time. Your performance element requires that delays and oversights be few and not adversely impact the operations of the Office of Regional Counsel. This oversight and delay is major and substantially impacts the operations of the office because the office cannot submit the Litigation Report to the U.S. Attorney until you do the factual summary.

Your performance also shows that you cannot prioritize assignments to ensure that responses and advice is provided within required time frames. Based on the lack of quality of the factual summary that you turned in late, I have serious doubts about your demonstration of the knowledge and skills necessary to effectively complete assignments independently.

I recognize that you have complained about not getting sufficient training. However, I have offered training in stress and time management and you have rejected that training. I have sent you a week of personnel law training. The type of work you are required to do for the CFD program, does not, in my opinion, require training as it involves training and monitoring OGE 450 filing status and training status. In any event, your performance plan requires that you "demonstrate initiative in learning new skills and processes." To the extent your unacceptable performance is training related, you have failed to do that.

3. I will continue to monitor and evaluate your performance closely and provide you with any necessary guidance and feedback that you may require.

4. The VA Employee Assistance Program offers confidential consultation services to help address difficult situations that may influence work, personal or family interactions. As you know I have previously suggested that you avail yourself of those resources when you discussed being "stressed" and "overwhelmed" by work. I further suggested that training in time and stress management might be helpful. You told me that you did not believe you needed such training and you declined the service of the Employee Assistance Program.

5. You or your personal representative may request reconsideration of my decision to withhold the WIGI. You would do so by filing a written response to this decision stating why you believe the agency should reconsider this decision and grant the WIGI. You should submit the request for reconsideration through me to Mr. Michael Hogan, the Acting Assistant General Counsel, Professional Staff Group VI. You must submit your request together with any information that you want Mr. Hogan to consider no later than 15 calendar days from the receipt of this memorandum.

6. If you or your representative requests reconsideration, the reconsideration official will provide you with a prompt final decision in writing. If the reconsideration official reverses my decision and grants the WIGI, the effective date of the WIGI will be the original eligibility date of April 13, 2008. If the reconsideration official maintains my decision and denies the WIGI,

you may appeal to the Merit Systems Protection Board (MSPB). The reconsideration official will notify you of the reasons for this decision and of your MSPB appeal rights.

7. Regardless of whether or not you request reconsideration, with agency may grant your within-grade increase at any time after it determines that you have demonstrated sustained performance at an acceptable level of competence for at least 120 calendar days. In any event, the agency will make a new determination after no more than 52 calendar weeks following your original eligibility date for the within-grade increase.

8. If you have any questions concerning the requirements applicable to granting the within-grade increase, please contact Frank Clark, Human Resources, 602-277-5551, ext. 3028. You may also contact him if you wish to review the policy and regulations the agency used to support the denial.

9. If you have any questions concerning your work performance, the Assistant Regional Counsel and I are available to discuss those issues with you.

*Mark Romaneski*
Mark Romaneski
Regional Counsel

VA FORM
MAR 1993      2105