**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vanessa Hall, ) | No. CV-09-0837-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Eric K. Shinseki, Secretary, United States ) | |
| Dept. of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it defendant's motion to dismiss counts and claims (doc. 9), plaintiff's response (doc. 13), and defendant's reply (doc. 16).

Plaintiff Vanessa Hall filed this action against her former employer, the United States Department of Veterans Affairs, on April 21, 2009, alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Plaintiff asserts numerous allegations of discrimination and retaliation, which she previously raised in two formal complaints filed with the Veterans Affairs' Equal Employment Office ("EEO"). Defendant now contends that, with the exception her claims of constructive discharge and failure to reassign, each of plaintiff's claims must be dismissed for failure to exhaust administrative remedies or failure to state a claim.

Title VII requires a federal employee to exhaust administrative remedies as a "precondition" to filing a civil action in a federal court. Brown v. Gen. Servs. Admin., 425

U.S. 820, 832, 96 S. Ct. 1961 (1976). A federal employee asserting discrimination must first consult with an EEO counselor within 45 days of the alleged discriminatory event in an effort to informally resolve the matter. 29 C.F.R. § 1614.105(a)(1). The counselor must conclude the informal counseling within 30 days and notify the complainant in writing of the right to file a formal discrimination complaint. Id. § 1614.105(d). The employee may then file a formal discrimination complaint with the employer agency's EEO office within 15 days of receipt of the notice. Id. § 1614.106(a), (b). Once the agency issues a final decision, the complainant may either appeal the dismissal to the Equal Employment Opportunity Commission within 30 days, id. § 1614.401-402, or file an action in federal district court within 90 days, 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a). Absent waiver, estoppel or equitable tolling, failure to comply with the exhaustion regulations is "fatal to a federal employee's discrimination claim" in federal court. Lyons v. England, 307 F.3d 1092, 1105 (9th Cir. 2002).

Plaintiff pursued two administrative claims. She first contacted an EEO counselor on February 20, 2008, claiming that she suffered disparate treatment and a hostile work environment because of her race. Complaint ¶ 79. The informal counseling process concluded on March 24, 2008, when plaintiff received a Notice of Right to File a formal discrimination complaint, dated March 21, 2008. Response at 8-9.

On March 22, 2008, plaintiff notified the EEO counselor of two additional instances of alleged retaliation. Id. She claimed that her supervisor denied her request for a within-grade pay increase ("WIGI") and unfairly reprimanded her. She claims that despite her efforts to contact the EEO counselor regarding these newly-filed claims, she had no response until May 13, 2008, when the counselor informed her that he had included these claims in the March 21, 2008 Notice of Right to File. Id. at 9.

Plaintiff then filed a formal complaint with the Veterans Affairs' EEO office on June 2, 2008, asserting 13 instances of discrimination, hostile work environment, and retaliation, including the WIGI and reprimand claims. The EEO office dismissed the formal complaint in its entirety as untimely under 29 C.F.R. § 1614.107(a)(2). See DSOF, exhibit 3 at 3.

Specifically, the EEO office found that plaintiff was required to file her formal complaint within 15 days of receiving the March 21, 2008 Notice of Right to File. However, her formal complaint was not filed until June 2, 2008, more than 50 days past the deadline. Plaintiff's administrative appeal was denied on October 16, 2008. Id. Her motion for reconsideration was denied on January 28, 2009. Complaint, exhibit 1. She filed her complaint in this court on April 21, 2009.[1]

In the meantime, plaintiff filed a second formal complaint with the Veterans Affairs' Equal Employment Office on July 15, 2008, duplicating many of the allegations raised in her first formal complaint, and adding two new claims—failure to reassign and constructive discharge. The EEO office dismissed each of the claims as duplicative and untimely, with the exception of (1) failure to reassign, (2) constructive discharge, and (3) interference with employment opportunity with the FBI. PSOF, exhibit 11. Defendant contends that only the failure to reassign and constructive discharge claims have been properly exhausted and now moves to dismiss all of the remaining claims.

Defendant incorrectly asserts that the EEO office dismissed as untimely plaintiff's claim that defendant improperly interfered with her potential employment opportunity with the FBI. In fact, the EEO issued a corrected decision finding that plaintiff's employment interference claim was timely. See id. Therefore, defendant has failed to make any showing that this claim should be dismissed.

In her response to the motion to dismiss, plaintiff objects only to the dismissal of the WIGI and the reprimand claims. Failure to respond to arguments raised in dispositive motions "may be deemed a consent to the . . . granting of the motion." See LRCiv 7.2(i). We therefore consider the arguments relating to the WIGI and reprimand claims only.

---

[1] We reject defendant's argument that the instant action is untimely because plaintiff failed to file her complaint within 90 days of the October 16, 2008 decision. Defendant fails to recognize that plaintiff's motion for reconsideration extended her filing deadline. See Complaint, exhibit 1 (stating that plaintiff had 90 days from January 28, 2009, to file a complaint in federal court).

- 3 -

1    Defendant argues that plaintiff failed to exhaust her administrative remedies with respect to the WIGI and reprimand claims because she did not file her formal complaint within 15 days of the resolution of the informal counseling period, as required by 29 C.F.R. § 1614.106(b). Plaintiff filed her informal complaint challenging the reprimand and denial of her WIGI request on March 22, 2008. She did not receive a response from the EEO counselor until May 13, 2008, when she was informed that the counselor had included these claims in the March 21, 2008 Notice of Right to File. Response at 9. We agree with plaintiff that this explanation is illogical given that plaintiff did not submit the WIGI and reprimand complaints until March 22, 2008–one day after the Notice of Right to File was issued.

Nevertheless, even if we assume that plaintiff is entitled to equitable tolling of the filing deadline due to the EEO counselor's failure to respond within the statutorily prescribed time frame, the tolling would extend only until May 13, 2008, when plaintiff received actual notice that the informal review process was closed. Plaintiff then had 15 days from May 13, 2008, or until May 28, 2008, to file her formal complaint. However, she did not file her complaint until June 2, 2008. Therefore, we conclude that plaintiff failed to properly exhaust her administrative remedies with respect to the WIGI and reprimand claims, and accordingly we dismiss these claims.

In conclusion, each of plaintiff's claims of discrimination and retaliation are dismissed for failure to exhaust administrative remedies or failure to state a claim, with the exception of three claims: (1) failure to reassign, (2) constructive discharge, and (3) interference with employment opportunity.

Therefore, **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendant's motion to dismiss claims and counts (doc. 9).

DATED this 30th day of March, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge